NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL P. ORTIZ, | ) | No. C 12-1286 LHK (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE; GRANTING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| vs. | ) ) | |
| WARDEN R.H. TRIMBLE, | ) ) | (Docket Nos. 2, 4) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motions for leave to proceed in forma pauperis are GRANTED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

1  cause why the writ should not be granted, unless it appears from the application that the

2  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

3  **B.  <u>Petitioner's Claims</u>**

4  Petitioner raises the following claims in his petition: (1) there was insufficient evidence

5  to support the finding that Petitioner was acting "for the benefit of a gang," and trial and

6  appellate counsel were ineffective for failing to raise this claim;[1] (2) the trial court erred in

7  admitting evidence of gang and drug activity,[2] and trial and appellate counsel were ineffective

8  for failing to raise this claim; (3) trial counsel was ineffective for not selecting a stronger defense

9  theory, and appellate counsel was ineffective for failing to raise this claim on appeal; (4) trial

10 and appellate counsel were ineffective for failing to raise the issue of the timing of provocation;

11 (5) prosecutorial misconduct; (6) the trial court failed to properly instruct the jury on the

12 asportation element of simple kidnapping; and (7) cumulative prejudice. Liberally construed,

13 Petitioner's allegations are sufficient to warrant a response.

14 Petitioner also separately alleges that, if the prosecutorial misconduct claim is defaulted,

15 the default should be excused because of ineffective assistance of counsel. This is not a

16 cognizable claim for federal habeas relief. Should Respondent raise the argument that the claim

17 is defaulted or waived, Petitioner may then respond with his argument that the default resulted

18 from ineffective assistance of counsel. Thus, this claim is dismissed.

19 **CONCLUSION**

20 1. Petitioner's motions for leave to proceed in forma pauperis are GRANTED.

21 2. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1)

22 and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney

23 General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

24 3. Respondent shall file with the Court and serve on Petitioner, within **ninety days**

25 of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

---

[1] The Court finds that, as listed in his petition, Claim 5 is subsumed within Claim 1.

[2] The Court finds that, as listed in his petition, Claim 8 is subsumed within Claim 2.

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
2  granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of
3  the underlying state criminal record that have been transcribed previously and that are relevant to
4  a determination of the issues presented by the petition.

5       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6  Court and serving it on Respondent within **thirty days** of the date the answer is filed.

7       4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
9  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,
10 Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
11 opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the
12 court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

13      5.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
14 all communications with the Court must be served on Respondent by mailing a true copy of the
15 document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
16 any change of address by filing a separate paper captioned "Notice of Change of Address."  He
17 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
18 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
19 41(b).

20      IT IS SO ORDERED.
21 DATED: 4/30/12

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order to Show Cause; Granting Motions for Leave to Proceed In Forma Pauperis
G:\PRO-SE\SJ.LHK\HC.12\Ortiz286osc.wpd
3